Name: Jennifer A. Mason
Address: P.O. Box 33826, Juneau, AK 99803
Telephone number: (907) 957-1304

**FILED**

DEC 2 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

Jennifer A. Mason,
(Enter full name of plaintiff in this action)

Plaintiff,

vs.

John E. Potter,
Postmaster General,
United States Postal Service,
(Enter full names of defendant(s) named on EEOC final decision. Do NOT use *et al.*)

Defendant(s).

Case No. J 05-0019 CV (RRB)
(To be supplied by Court)

**EMPLOYMENT DISCRIMINATION COMPLAINT**

### 1. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq.

PS05 (6/04)   Page 1 of 6   Employment Discrim.
ORIGINAL

1

2. **PARTIES**

   a. Name of plaintiff: Jennifer A. Mason

      Present mailing address: P.O. Box 33826

      Juneau, AK 99803

      Phone: (907) 957-1304

   b. Name of first defendant: John E. Potter, Postmaster General United States Postal Service

      Present mailing address or business location: 709 W. 9th St. Juneau, Alaska 99802

      Phone: (907) 586-7987

   c. Name of second defendant: _____

      Present mailing address or business location: _____

      Phone: _____

   d. Name of third defendant: _____

      Present mailing address or business location: _____

      Phone: _____

   (Copy this blank page for additional defendants, if necessary, and label it 2A.)

3. **NATURE OF CASE**

   a. The address at which I sought employment or was employed by the defendant(s) is: Federal Building Post Office. 709 W. 9th St. Juneau, Alaska 99802

b. The discriminatory acts occurred on or about  06 / 09 / 2003
(month/day/year)

c. The acts complained of in this suit concern:

   i. \_\_\_\_ Failure to employ me

   ii. _X_ Termination of my employment

   iii. \_\_\_\_ Failure to promote me

   iv. \_\_\_\_ Demotion

   v. \_\_\_\_ Denial equal pay/work

   vi. \_\_\_\_ Sexual harassment

   vii. \_\_\_\_ General harassment

   viii. \_\_\_\_ Other (Be specific; attach additional sheet if necessary):

   _____

   _____

d. Defendant's conduct is discriminatory with respect to the following:

   i. \_\_\_\_ My race or color

   ii. \_\_\_\_ My religion

   iii. _X_ My sex

   iv. \_\_\_\_ My national origin

   v. Other:_____

e. I filed a complaint with the Alaska State Commission for Human Rights

   on or about: \_\_\_\_ / \_\_\_\_ / \_\_\_\_ (month/day/year)

f.  I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant(s) discriminatory conduct on or about: 09/19/2003 (month/day/year)

g.  The EEOC sent a **"Notice of Right to Sue"**\* which I received on or about: 09/28/2005 (month/day/year). **\*Please attach notice.** The notice is attached to this complaint.  _X_ Yes  ___ No

If not, why not:_____

_____

_____

h.  I believe that the defendant(s) is/are still committing these acts against me:  ___ Yes  ___ No

4. **CAUSE OF ACTION**

I allege that the defendant has discriminated against me as follows:

a.  Count 1: On June 9, 2003, I was terminated from my job in the United States Postal Service based on gender discrimination

Supporting facts (Describe exactly what each defendant did or did not do. State the facts clearly and briefly, in your own words, without citing any legal authority.):

See attached EEO Complaint of Discrimination in the Postal Service, 8 pages, dated 09/19/2003.

discrimination based on gender in this complaint. The Agency nonetheless came forward and met its burdens of production to articulate legitimate, non-discriminatory reasons for its action. I find the Complainant did not establish any evidence to demonstrate that the articulated reasons for the Agency's action are a mere pretext for unlawful discrimination. I also find that there are no genuine issues of material fact that would require a hearing in this case.

Based upon these findings, I conclude that the Agency did not engage in unlawful discrimination on the basis of gender when it terminated her during her probationary period.

## VI. REMEDIES:

There being no finding of discrimination, no remedies are ordered.

## VII. NOTICE:

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(g). With the exception detailed below, the Complainant may not appeal to the Commission directly from this decision. EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days or receipt of the hearing file and this decision. The Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The Complainant may file an appeal whether the Agency decides to fully implement this decision or not. The Agency's final order shall notify the Complainant whether or not the Agency will fully implement this decision. It shall contain the notice of the Complainant's right set out in 29 C.F.R. § 1614.110 and §§ 1614.401 through 1614.403.

If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the Complainant may file an appeal to the Commission directly

from this decision. In the event a copy of the Administrative Judge's decision should be attached to the appeal. The Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery, or facsimile to the following address:

>Director, Office of Federal Operations
>U.S. Equal Employment Opportunity Commission
>Post Office Box 19848, Washington, D.C. 20036
>Fax no. (202) 663-7022.

Facsimile transmissions over 10 pages will not be accepted.

The Complainant also has the right to file a civil action in Federal District Court within ninety (90) days of any final action by the Agency or by the EEOC on this complaint. The Complainant may also file in Federal District Court after one-hundred eighty (180) days from the date the formal administrative complaint was filed, or one-hundred eighty (180) days after filing an appeal with the EEOC's Office of Federal Operations.

Any pre-hearing memoranda, correspondence, or orders in this case are considered to be part of the record, and both parties are already in possession of copies.

## VIII. SIGNATURE AND DATE:

FOR THE COMMISSION:

DATED: September 7, 2005

*signature*
Molly P. Küçük
Administrative Judge

Page 18
EEOC No. 380-2004-00176X
*Decision Without a Hearing*

You have the right to appeal the Postal Service's final action to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, Washington, DC 20036-9848 within thirty (30) calendar days of the date of your receipt of the Postal Service's final action. You must submit any statement or brief in support of that appeal within thirty (30) days of the date of the appeal. You must use PS Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. You must provide the Postal Service with a copy of your appeal and any supporting statement or brief to:

Manager
EEO Compliance & Appeals
Western Area
P. O. Box 300
Denver CO   80201-0300

You have the right to file a civil action in an appropriate U. S. District Court within ninety (90) calendar days of the date of your receipt of the Postal Service's final action, within ninety (90) calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing of an appeal with the EEOC if no final decision has been rendered. Should you choose to file a civil action, your filing should be styled (**Jennifer A. Mason v. John E. Potter, Postmaster General**). If you do not have or cannot afford an attorney, you may request that the court appoint an attorney to represent you and that the court permit you to file the civil action without the payment of fees, costs, or other security. Whether these requests are granted or denied is within the sole discretion of the District Court Judge. These requests must also be filed within the same ninety-day time period for filing the civil action.

9-20-05
Date

(for) Patricia D. McGinty, Mgr. Human Resources
Western Area Office

Enclosures: PS Form 3573
Certificate of Service

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

| | |
|---|---|
| 1. Name: Jennifer Mason | 2. SSN: 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 |
| | 3. Case No.: 4E-995-0054-03 |
| 4a. Mailing Address – Street or PO Box: P.O. Box 33826 | 4b. City State & Zip +4: Juneau, AK 99803-3826 |
| 5. Email Address* | 6. Home Phone: (907) 780-6964 |
| | 7. Work Phone: ( ) |
| 8. Position Title (USPS Employees Only): PTF CITY CARRIER | 9. Grade Level (USPS Employees Only) |
| | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
| 11. Installation Where You Believe the Discrimination Occurred: JUNEAU AK-99802 FEDERAL BUILDING STA | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory: STUART AKAGI, SUSAN JOHNSON, MIKE WALSH |
| 13a. Name of Your Designated Representative | 13b. Title |
| 13c. Mailing Address (Street or P.O .Box) | 13d. City, State and Zip +4 |
| 13e. Email Address* | 13f. Home Phone ( ) |
| | 13g. Work Phone ( ) |

14. Type of Discrimination You Are Alleging
- ☐ Race (Specify):
- ☐ Color (Specify):
- ☐ Religion (Specify):
- ☐ National Origin (Specify):
- ☒ Sex (Specify): female
- ☐ Age (40+) (Specify):
- ☐ Retaliation (Specify):
- ☐ Disability (Specify):

15. Date on which alleged act(s) of Discrimination Took Place: between April 5, 2003 and June 9, 2003

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

See attached typewritten six (6) pages entitled EEO Complaint of Discrimination in the Postal Service.

17. What Remedy Are You Seeking to Resolve this Complaint?

I want my job back. I do not want to be supervised by Stuart Akagi, Susan Johnson, or Mike Walsh. I want to be evaluated by a qualified supervisor of city carriers who who will provide an impartial and fair evaluation.

18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator?
☒ Yes  by certified mail 7002 0860 0007 7959 1274 received 09/09/2003   ☐ No
(Date You Received the Notice of Final Interview)

19a. Signature of Dispute Resolution Specialist: Linda J Watson
19b. Date: September 2, 2003

20. Signature of Complainant or Complainant's Attorney: Jennifer J. Mason
21. Date of this Complaint: 09/19/03

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.


**UNITED STATES POSTAL SERVICE®**

## Notice of Right to File Individual Complaint

| TO: Name *(First, MI, Last)* | Re: Case No. |
|---|---|
| Mason, Jennifer | 4E-995-0054-03 |

This notice will attest to the fact that via certified mail number 7002 0860 0007 7959 1274 delivered on _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with **PS Form 2565, EEO Complaint of Discrimination in the Postal Service**, for this purpose. The complaint must be delivered to:

> MANAGER, EEO DISPUTE RESOLUTION
> ALASKA DISTRICT
> 3201 C. ST. STE 506
> ANCHORAGE, AK 99503-9411

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1)  **Your name, address, position, and level;**

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2)  **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3)  **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4)  **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5)  **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which to USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations;

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Linda J. Watson* | 9/2/03 | *Jennifer G. Mason* | 09/09/03 |

Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested

PS Form **2579-A**, March 2001

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

On June 9, 2003, I was wrongfully terminated for unjust cause from my job as a city carrier with the U.S.Postal Service at the Federal Building Station located in Juneau, Alaska. All of the city carriers in the station where I worked are male. I was treated differently than the other city carriers based on gender. During the period of my employment, April 5, 2003 through June,9, 2003, I was supervised by three different supervisors. Two of these supervisors, Stuart Akagi and Susan Johnson, performed my evaluations. These evaluations were unfair and based on conflicting information and were used as a basis for terminating me.

The two acting supervisors, Mike Walsh and Stuart Akagi, held a meeting with me on June 9, 2003. On June 7, 2003, Stuart Akagi held a private meeting with me during which Mr. Akagi informed me that, if I did not resign from my position as a city carrier, I would be terminated on June 11, 2003 upon the return of Susan Johnson from her leave of absence and that if terminated I would never work for the Postal Service ever again. I declined to resign though Mr. Akagi's statements threatened and intimidated me. I never heard Mr. Akagi speak to any male employee in a threatening and intimidating way. I thought that I was going to have an opportunity to speak to Susan Johnson before I was actually terminated. This was not to come to pass as on June 9, 2003, Mr. Walsh and Mr. Akagi took matters into their own hands. I believed that the June 9, 2003 meeting was going to be instructional not disciplinary since I had believed Mr. Akagi when he told me my date of termination would not be for two more days. I had finished my route within the correct allotted time that day though the supervisors never made mention of that fact. My right to have a representative present at a meeting that would result in discipline or termination was subverted because Stuart Akagi had been untruthful with me.

At the June 9, 2003 meeting, Mr. Walsh informed me that I was terminated and that I had been given the opportunity to resign, but, as I had declined to resign, I would never work for another federal agency again. This is an unprofessional way to speak to me. It was a false statement which intimidated and threatened me. I never heard Mike Walsh use statements of threat or intimidation with any male employee. When I stated that I believed his statement to be false, Mr. Walsh's answer to me was, "Well, I don't really know whether that is true or not.

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

The Joint Statement on Violence and Behavior in the Workplace which is posted on the bulletin board at Juneau's Federal Building Station Post Office states: "There is no escuse for and will be no tolerance of harassment, intimidation, threats or bullying by anyone. We also affirm that every employee at every level of the Postal Service should be treated at all times with dignity, respect and fairness. The need for the USPS to serve the public efficiently and productively and the need for all employees to be committed to giving a fair day's work for a fair day's pay, does not justify actions that are abusive or intolerant. "Making the numbers" is not an excuse for the abuse of anyone. Those who do not treat others with dignity and respect will not be rewarded or promoted. Those whose unacceptable behavior continues will be removed from their positions..... But let there be no mistake that we mean what we say and we will enforce our commitment to a workplace where dignity, respect and fairness are basic human rights, and where those who do not respect those rights are not tolerated.

Section 432.33 of the Employee and Labor Relations Manual (ELM) provides that "No employee may be required to work more than 6 continuous hours without a meal or rest period of at least ½ hour." On many occasions, in fact, the majority of my days of employment at the Federal Station Post Office, I was required to work more than 6 continuous hours without a meal or rest period of at least ½ hour. When I returned to the office after completing the route assigned to me, I was regularly assigned more tasks without being allowed the obligatory ½ hour meal or rest period. None of the male employees were expected or required to work longer than 6 hours continuously without a ½ hour meal or rest period.

On several occasions, Stuart Akagi used degrading and demeaning language while speaking to me. Mr. Akagi also accused me of things I did not do.

Examples:

While I was casing mail, Mr. Akagi walked over to my case and began to speak to me. I continued casing while listening to Mr. Akagi as I had been told by Mr. Akagi and Ms. Johnson that I was under strict time constraints and I was attempting to perform at sufficient speed to keep up with the amount of work required by the position. Mr. Akagi commanded me in a stern and intimidating voice, "Stop doing that and listen to me!" I never heard him speak to a male employee in that way.

(3)

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

More examples of degrading and demeaning language:

On May 15, 2003, spoke to me without addressing me by name and without gaining my attention first. When I asked him to repeat what he had said as I didn't hear it, Mr. Akagi looked at me in an angry and intimidating manner. I never saw Mr. Akagi look at any other male employees in an angry or intimidating manner.

Regularly, Mr. Akagi told me, "You have no sense of urgency in delivering the mail." Far from finding this remark instructive or encouraging or even helpful, I found it to be degrading and demeaning. I never heard this remark or any other demeaning or degrading remark spoken to another male employee by Mr. Akagi.

On June 9, 2003, during the meeting with Mike Walsh, Mr. Akagi informed me, "The Postal Service can't afford to employ someone who isn't pulling her own weight." I found this remark to be humiliating and insulting. I never heard Mr. Walsh or Mr. Akagi insult any male employee.

On May 5, 2003, Mr. Akagi informed me, "I told you twice how I want you to case the flats and you're not doing it the way I said!" Though I requested to be shown how Mr. Akagi wanted it done, no further instruction or guidance was given.

I was accused of things I did not do by Mr, Akagi and Ms. Johnson. Mr. Akagi said to me, "You were told more than once to lock that door and you left it unlocked." This is untrue. I never left any doors unlocked. Mr. Akagi accused me of misdelivery of mail when in actuality I did not misdeliver the mail. I did not work on the day in question. David had misdelivered the mail that day. I was evaluated as unsatisfactory in accuracy for the week of May 17, 2003 for someone else's mistake. I never saw any male employee blamed for someone else's actions.

The preceding factors as well as the following created a hostile work environment. Mr. Akagi, who is a city carrier, is unqualified to provide supervisory evaluations thus my evaluations were not fair or professional. I received improper and inadequate training. In some instances I received no training at all.

I received conflicting instructions from my supervisors and training instructors. This resulted in unfair evaluations. Mike Pearson, who is the official trainer for the city carriers, trained me to case and pull down the mail in a certain way,

(4)

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

and, when I performed these office duties the way I was trained to, I was informed that I was doing them incorrectly and given unsatisfactory marks on my evaluation for office productivity. I observed that the male city carriers performed the same tasks in the way that I was trained, and the supervisors did not correct them as they corrected me.

In the letter of termination dated June 16, 2003, I am accused of failing to acheive a satisfactory level of performance in the area of safety- Street Observations of Driving. Mike Pearson instructed me to save time by driving faster between mail receptacles. When I tried to improve my street productivity, this was used as a reason to terminate me. Mr. Akagi accused me of driving 30 miles per hour. On the road in question, the posted speed limit is 45 miles per hour. The male city carriers consistently drive at the speed of 30 miles per hour on the road in question without being disciplined. Also, on my 60 day evaluation, I was marked as satisfactory for:

E. Work Methods: Handles equipment and/or work materials in an appropriate manner; Consistently observes proper safety rules and practices; Understands and follows oral and/or written instructions.

Ms. Johnson instructed me not to back the vehicle in unauthorized areas while on my route. I observed Ms. Johnson backing in an unauthorized area on my route on two different occasions while she was observing me. I also observed Mr. Akagi backing in an unauthorized area on route 6 while he was observing me. I am being held accountable to a standard Ms. Johnson and Mr. Akagi themselves do not adhere to.

Please note: The purpose of conducting driving observations is to improve driving practices not as a reason to terminate employees who are safe drivers.

I observed nepotism in the workplace. This is a violation of USPS rules and regulations. Susan Johnson hired her own son, supervised her own son, and I was terminated from my job as city carrier in order that Susan Johnson's son, David Reed, could continue work as a city carrier. Susan Johnson states that her son,,David Reed, was held to a different standard than me because he was a casual employee who was only hired for a 90-day period. He actually worked over the two (2) 90-day terms of casual employment in a calendar year. This is a violation of the national agreement. After I filed the EEO case, suddenly Susan Johnson's son, David Reed, resigned.

(5)

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

Susan Johnson informed me that I would have to learn and perform up to speed on a new route in three days. The new route was an eight hour route which required help on a daily basis for the regular carrier, Scott Dornbirer, I was given one day of training on the route by John Castillo who is not qualified as a trainer and who trained me to deliver the route in an incorrect sequence. On the third day on the route, Mr. Akagi informed me that I must finish the route in six and ½ hours without help and no supervision. I never saw a male employee being expected to complete an eight hour route in six and ½ hours. I was being held to a standard that other male employees were not held to.

I was unfairly evaluated on my evaluations based on incorrect data, false accusations, and little or no guidance or instruction. Also, I was evaluated by Stuart Akagi who is unqualified to perform or provide evaluations. As I have previously stated, Mr. Akagi was committing gender discrimination against me by treating me differently than the male employees, so how could he possibly provide an unbiased or fair evaluation of my work when I was being held to a different standard than the male employees?

Examples:

I was accused of missing MSP scanpoints on my route when the equipment did not operate properly. On route 6, the scanner would not scan the MSP's, so I called Mr. Akagi. Upon arrival, Mr. Akagi attempted to scan the MSP's. THe equipment did not operate properly for Mr. Akagi also. Mr. Akagi instructed me not to scan the barcodes, the reason being that the equipment was not operating properly. Ms. Johnson and Mr. Akagi used these actions of my inability to enter data into a scanner that was not operational as a reason to terminate me as stated in the letter dated June 16, 2003. MSP does not set performance standards, either in the office or on the street. MSP data may not constitute the sole basis for disciplinary action. (Re: Q98N-4Q-C 01045840 Class Action, Washington, DC 20260-4100).

I was deviated from my normal route to perform other tasks as directed by Ms. Johnson and Mr. Akagi thus lengthening the time that I would have to perform my regular route. Example: May 7, 2003, while casing the mail for my route, the supervisor instructed me to deliver the mail for the State Office Building (S.O.B.) mailroom. After performing said delivery, I returned to the office, finished casing the mail for my assigned route, and delivered the mail for said route.

On my route the DPS mail was not in the correct sequence, many mail receptacles did not have numbers on them, and the case was

(6)

JENNIFER A. MASON
P.O. Box 33826
Juneau, AK 99803

EEO Complaint of Discrimination in the Postal Service

improperly labelled. I informed Ms. Johnson of these discrepancies but little or no further instruction was given to me in order to perform my job in the allotted time frame.

On May 15, 2003, Mr. Akagi informed me that the projected time for me to finish my route was 12:00 noon, but that he expected me to be finished with the route and back in the office by 11:00 AM. When I returned to the office at 11:45 AM, Ms. Johnson told me that I had done a good job on the route today. I observed that I could not be evaluated fairly, when the supervisors did not agree on the standard that they were holding me to. It created a workplace that was full of uncertainty as to what was really expected of me. I did not observe the supervisors giving conflicting advice to the male employees. I also did not observe male carriers being expected or required to complete tasks in a shorter time frame than was allotted by projected standards.

In the time frame of May 17, 2003- May 23, 2003, I performed my office time within the parameters. I was unfairly marked on office productivity for a job completed in the correct allotted time. I ascertained that regardless of my performance I would not receive a favorable evaluation.

One day Ms. Johnson instructed me to deliver mail to the State Office Building (S.O.B.) mailroom. While I was there an S.O.B. mailroom employee remarked that I would be replaced in my position at the USPS by a certain male employee of the S.O.B. mailroom who was called "L.J.". The S.O.B. mailroom employee in question was subsequently hired as a city carrier by the USPS at the Federal Building Station in Juneau, Alaska after Susan Johnson's son, David Reed, resigned. At the time of my notification of termination from the USPS, my supervisors informed me that my position would not be filled. In effect, I was replaced by a male by the name of L.J. Francisco.

b.   Count 2:_____

Supporting facts (Describe exactly what each defendant did or did not do. State the facts clearly and briefly, in your own words, without citing any legal authority.):_____

## 5. INJURY

How have you been injured by the actions of the defendant(s)? _____

_____

_____

_____

_____

## 6. REQUEST FOR RELIEF

I believe I am entitled to the following relief: Reinstatement in my job, recovery of lost income since date of termination, recovery of attorney's fees and costs.

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorneys fees.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above complaint, and that the information contained in the complaint is true and correct.

_Jennifer A. Mason_
(Signature)

12/28/2005
(Date)

PS05 (6/04)                Page 6 of 6