DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER A. MASON, | ) Case No. 1:05-cv-19-RRB |
| | ) |
| Plaintiff, | ) |
| | ) **DEFENDANT'S MOTION TO** |
| vs. | ) **DISMISS** |
| | ) |
| JOHN E. POTTER, POSTMASTER | ) |
| GENERAL FOR THE UNITED | ) |
| STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

Defendant John E. Potter, Postmaster General, through counsel, moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this case for lack of jurisdiction because it was untimely filed.

## FACTS

Plaintiff Jennifer A. Mason ("Plaintiff") filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination by her immediate supervisor, Stewart Akagi, and the Station Manager, Susan Johnson.  Complaint, see attached Ex. EEO Complaint.  EEOC Administrative Law Judge, Molly Kucuk, adjudicated the complaint and found that Ms Mason failed to present evidence of discrimination.  Ex. A. at 1.  Judge Kucuk issued her decision without a hearing on September 7, 2005.  Ex. A at 1.

In accordance with EEOC federal sector complaint procedures, 29 C.F.R. § 1614.110(a), the Postal Service issued a Notice of Final Action ("NOFA") on September 20, 2005.  Ex. A.  The NOFA was sent to Plaintiff via certified mail, return receipt requested, and was delivered to her address on September 27, 2005.  A true and accurate copy of the NOFA is attached as Exhibit A, and a true and accurate copy of the delivery verification is attached as Exhibit B.  As reflected in Exhibit B, Plaintiff's representative before the EEOC, Eric Ocasio, who shares the same address as Plaintiff, signed for the NOFA on September 27, 2005.  Ex. C, See Ex. A at 3.

As reflected in the NOFA, Plaintiff had 90 days from receipt of the NOFA to

file suit in federal district court.  Plaintiff filed her suit on December 28, 2005.

## ANALYSIS

**I.     MS. MASON FILED HER COMPLAINT TOO LATE**

Prior to initiating a federal court suit for a claim of employment discrimination under Title VII, a federal employee must bring a timely administrative complaint to the agency and exhaust all applicable administrative remedies.  <u>Brown v. General Services Administration,</u> 425 U.S. 820, 829 (1976); 29 C.F.R. § 1614; <u>see</u> <u>Kizas v. Webster,</u> 707 F.2d 524 (D.C. Cir. (1983); <u>cert denied</u> 464 U.S. 1042 (1984).  Exhaustion is "an inexorable rule."  <u>Rivera v. United States Postal Service,</u> 830 F.2d 1037, 1039 (9th Cir. 1987), <u>cert. denied,</u> 486 U.S. 1009, <u>reh'g denied</u> 487 U.S. 1228 (1988).  Title 42 U.S.C. § 2000e-16(c) provides that a Plaintiff must file a District Court action "[w]ithin 90 days of receipt of notice of final action" taken on her administrative complaint.  42 U.S.C. § 2000e-16(c).  "The language of the statute establishes the 90-day period as running from the 'giving of such notice' rather than from the date claimant actually 'receives' notice in hand."  <u>Nelminda v. Shelly Eurocars, Inc.,</u> 112 F.3d 380, 383 (9th Cir. 1996)(citing <u>Scholar v. Pacific Bell</u>, 963 F.2d 264, 267 (9th Cir. 1992), 42 U.S.C. § 2000e-5(f)(1) and <u>Espinoza v. Missouri Pac. R.R. Co.</u>, 754 F.2d 1247,

1248-50 (5th Cir.1985)).  In <u>Nelminda</u>, the notice was received at the plaintiff's residence and was signed for by the plaintiff's daughter, which triggered the start of the 90-day period.  <u>Id.</u>  That is precisely the situation present in this case, except that in this case the notice was delivered to Complainant's address and received by Complainant's representative before the EEOC, rather than a family member.  He shared the same P.O. Box with her.  Ex. A at 3; Ex. C.

    The time period set forth at 42 U.S.C. § 2000e-16(c) is in the nature of a statute of limitations and is subject to the doctrine of equitable tolling.  <u>Irwin v. Veterans Administration</u>, 498 U.S. 89, 95-96 (1990).  Even so, "[f]ederal courts have typically extended equitable relief only sparingly."  <u>Id.</u> at 96.  Tolling is proper only where the plaintiff timely filed a defective pleading or where actions of third persons have caused the plaintiff to file a late complaint.  <u>Id.</u>  See also, <u>Scholar v. Pacific Bell</u>, 963 F.2d 264, 267-68 (9th Cir. 1992).  ("The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly; for example, the Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly

inadequate.").

Here, Plaintiff and her representative received the NOFA on September 27, 2005. The NOFA explains in clear terms the time period for filing suit. Plaintiff had 90-days following notice to file suit. Therefore, in order to be timely, her complaint had to be filed on or before December 26, 2005. As December 26 was a holiday, she had until December 27, 2005, to file. However, Plaintiff waited until December 28, 2005, to file her action. Her complaint was one day late. Based on the foregoing, Plaintiff's complaint should be dismissed as untimely.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2006,
a copy of the foregoing Defendant's
Motion to Dismiss was served
by U S Mail on:

Jennifer A. Mason
P O Box 33826
Juneau, AK 99803

s/ Susan J. Lindquist
_____

-6-

Mason v. Potter
Case No. 1:05-cv-19-RRB