JENNIFER A. MASON
P.O. Box 33826
Juneau, AK 99803
Phone: (907) 957-1304

Plaintiff

RECEIVED

JUN 1 9 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| JENNIFER A. MASON, | ) Case No. 1:05-cv-19-RRB |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S OPPOSITION** ) **TO DEFENDANT'S** ) **MOTION TO DISMISS** |
| JOHN E. POTTER, POSTMASTER GENERAL FOR THE UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) |

Plaintiff Jennifer A. Mason, *pro se*, objects to defendant's motion to dismiss on the grounds that the Defendant is trying to bully the Plaintiff by filing a frivolous motion using a mere technicality of one day's time as its argument in an attempt to take advantage of the Plaintiff's inexperience in the court. The decision of the court to hear this complaint of gender discrimination must be decided by the merits of the case itself. "Multiple or frivolous motions can result in sanctions by the court" (citing **REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT** (The *Pro Se* Handbook) B. Motions, Page 15. Ex. A.

## FACTS

Plaintiff Jennifer A. Mason's complaint against Defendant John E. Potter Postmaster General for the United States Postal Service (USPS) ("Defendant") of gender discrimination, filed with The United States District Court for the District of Alaska, states facts supporting allegations of gender discrimination by the Plaintiff's acting supervisors, Stuart Akagi and Susan Johnson, during Plaintiff's employment as a mail carrier with the United States Postal Service. The complaint states many specific examples of how Plaintiff's rights were violated between April 5, 2003 and June 9, 2003. Plaintiff states in the complaint that she was improperly and not adequately trained and unfairly evaluated by acting supervisors and moreover treated differently and held to a different standard than the male employees. This discriminatory treatment was the unjust cause of Plaintiff's ultimate termination from the USPS. Plaintiff seeks reinstatement in her job, recovery of lost income since date of termination, and recovery of attorney's fees and costs related to this complaint. Ex. B.

Case 1:05-cv-00019-RRB     Document 5     Filed 06/14/2006     Page 3 of 4

1.  **THE MOTION FILED BY ATTORNEYS FOR THE DEFENDANT IS UNNECESSARY AND FRIVOLOUS**

As stated in **The *Pro Se* Handbook**, "Motions should be filed only when necessary." Id. The filing of such a motion by the Defendant of which its premise is based on the miscount of a deadline by a mere day, brings into question whether the Defendant is attempting to hide the facts of this case from the court. It is of some import that in the original claim for this complaint, the Equal Employment Opportunity Commission (EEOC) never heard relevant testimony from the Complainant's witnesses as there was not a hearing. The Defendant had filed twice to settle without a hearing, the first of which requests was denied. After a new judge was assigned to the case and the day that the first conference call was scheduled with the EEOC, the Defendant filed another motion to settle without a hearing, which took the Plaintiff off-guard as the conference call with the EEOC was then cancelled as were any future conference calls that had been planned to take place. It was common in the original complaint of discrimination for the Defendant to withhold requested information from the Plaintiff during the discovery period. When requested documents were eventually supplied by the Defendant, important information was blotted out so that the documents were rendered useless. Some documents were introduced by the Defendant very late in the case long after the discovery period ended or were never provided at all to the Plaintiff. These tactics used by the Defendant served

to confuse, frustrate, and make it difficult for the Plaintiff to present the facts of the case to the court. And now in the United States District Court the Defendant is attempting again to thwart the Plaintiff's attempt to bring to light the gender discrimination in the USPS. This complaint needs to be judged by the merits of the case so once and for all there will be an end to gender discrimination in the workplace at the USPS.

RESPECTFULLY SUBMITTED this 14th day of June, 2006.

*Jennifer A. Mason*

JENNIFER A. MASON, Plaintiff
P.O. Box 33826
Juneau, AK 99803
Phone: (907) 957-1304

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Plaintiff's Opposition to Defendant's Motion to Dismiss** was served by U.S. Mail on June 14, 2006 on:

Deborah M. Smith
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West 7th Ave.,#9, Rm. 253
Anchorage, AK 99513-7567

Jennifer A. Mason

*Jennifer A. Mason*