

(5)

JENNIFER A. MASON
P.O.Box 33826
Juneau, AK 99803

RECEIVED

JUN 1 9 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

EEO Complaint of Discrimination in the Postal Service

Susan Johnson informed me that I would have to learn and perform up to speed on a new route in three days. The new route was an eight hour route which required help on a daily basis for the regular carrier, Scott Dornbirer, I was given one day of training on the route by John Castillo who is not qualified as a trainer and who trained me to deliver the route in an incorrect sequence. On the third day on the route, Mr. Akagi informed me that I must finish the route in six and ½ hours without help and no supervision. I never saw a male employee being expected to complete an eight hour route in six and ½ hours. I was being held to a standard that other male employees were not held to.

I was unfairly evaluated on my evaluations based on incorrect data, false accusations, and little or no guidance or instruction. Also, I was evaluated by Stuart Akagi who is unqualified to perform or provide evaluations. As I have previously stated, Mr. Akagi was committing gender discrimination against me by treating me differrently than the male employees, so how could he possibly provide an unbiased or fair evaluation of my work when I was being held to a different standard than the male employees?

Examples:

I was accused of missing MSP scanpoints on my route when the equipment did not operate properly. On route 6, the scanner would not scan the MSP's, so I called Mr. Akagi. Upon arrival, Mr. Akagi attempted to scan the MSP's. THe equipment did not operate properly for Mr. Akagi also. Mr. Akagi instructed me not to scan the barcodes, the reason being that the equipment was not operating properly. Ms. Johnson and Mr. Akagi used these actions of my inability to enter data into a scanner that was not operational as a reason to terminate me as stated in the letter dated June 16, 2003. MSP does not set performance standards, either in the office or on the street. MSP data may not constitute the sole basis for disciplinary action. (Re: Q98N-4Q-C 01045840 Class Action, Washington, DC 20260-4100).

I was deviated from my normal route to perform other tasks as directed by Ms. Johnson and Mr. Akagi thus lengthening the time that I would have to perform my regular route. Example: May 7, 2003, while casing the mail for my route, the supervisor instructed me to deliver the mail for the State Office Building (S.O.B.) mailroom. After performing said delivery, I returned to the office, finished casing the mail for my assigned route, and delivered the mail for said route.

On my route the DPS mail was not in the correct sequence, many mail receptacles did not have numbers on them, and the case was

EXHIBIT B

## 5. INJURY

How have you been injured by the actions of the defendant(s)? _____

_____

_____

_____

_____

## 6. REQUEST FOR RELIEF

I believe I am entitled to the following relief: Reinstatement job, recovery of lost income since date of termination, recovery of attorneys fees and costs.

_____

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate including injunctive orders, damages, costs and attorneys fees.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above complaint, and that the information contained in the complaint is true and correct.

Jennifer A. Mason  
(Signature)

12/28/2004  
(Date)

PS05 (6/04)                     Page 6 of 6

EXHIBIT R