NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JENNIFER A. MASON, | ) Case No. 1:05-cv-00019-RRB |
| Plaintiff, | ) |
| vs. | ) SETTLEMENT AGREEMENT<br>) ON THE RECORD |
| JOHN E. POTTER, POSTMASTER<br>GENERAL FOR THE UNITED STATES<br>POSTAL SERVICE, | ) |
| Defendant. | ) |

This SETTLEMENT AGREEMENT ("Agreement") is made and entered by and between

Plaintiff Jennifer A. Mason (hereinafter "Plaintiff" or "Ms. Mason"), and Defendant JOHN E.

POTTER, Postmaster General, United States Postal Service (hereinafter "Defendant" or "Postal

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-1

Exhibit _A_
Page____of____pages
Pages as marked

Service"), by and through their undersigned representatives and before this Court.

## RECITALS

WHEREAS, Plaintiff was an employee of the United States Postal Service,

WHEREAS, in December of 2005, Plaintiff filed an action (Civil No. J05-0019 CV) in the United States District Court for the District of Alaska for employment discrimination and in 2003 filed an action with the Equal Employment Opportunity Commission ("EEOC") (No. 4E-995-0054-03),

WHEREAS, the parties wish to effectuate settlement of Plaintiff's claims without admissions of liability, and to avoid additional expenses and protracted litigation,

WHEREAS, the parties desire to give the mutual assurances set forth with respect to all matters that have been or now are in controversy between them,

NOW THEREFORE, the parties agree as follows:

1. This Agreement specifically encompasses any and all claims heretofore asserted by or on behalf of Plaintiff in the above-referenced matter, together with any and all claims which might have been asserted by or on behalf of Plaintiff in District Court, before the EEOC or other administrative action, suit, grievance, appeal, or similar challenge on account of any matter up to the date of execution of this Agreement. Plaintiff represents and warrants that no person other than she is entitled to assert any claim based on or arising out of an injury of any kind encompassed by the aforementioned sentence.

2. In consideration of the undertakings and agreements of the Defendant set forth in this Settlement Agreement, Plaintiff agrees to acquit and release fully from any and all claims of

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-2

whatsoever nature and sort, inclusive of costs and attorney's fees, that Plaintiff has or may have against the Postal Service and its officers, employees and agents, either in an individual or official capacity, which have or could have arisen out of any of the matters encompassed by paragraph one, hereto. Plaintiff further agrees that upon execution of this Agreement, she will dismiss with prejudice the above-entitled action in federal district court and any and all other claims currently pending in any forum related to the instant action, or stemming from or related to Case No. J05-0019 CV and EEOC No. 380-2004-0017X.

3. In exchange for the promises of the Plaintiff contained in Paragraphs No. 1 and No. 2 of this Agreement, which shall constitute an accord, satisfaction and compromise settlement of any and all damages, back pay, attorney's fees and costs, if any, or other monetary or equitable relief sought by Plaintiff, the Postal Service and Plaintiff agree to the following:

    a. The United States Postal Service will pay Plaintiff a lump sum payment of Two Thousand Five Hundred dollars and no cents (**$2,500.00**), representing full settlement in Case No. J05-0019 CV. The lump sum payment shall not be subject to withholding of any amounts for tax purposes, and Plaintiff agrees she is solely responsible for payment of any taxes that may be due as a result of this payment. Plaintiff further agrees to indemnify and hold harmless Defendant in the event that Defendant is subject to taxes or assignments on any or all of the settlement payment or penalties for failure to withhold.

    b. The United States Postal Service will begin processing the request for said payment immediately upon execution of this Settlement Agreement. The check will be made

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-3

      payable to Jennifer A. Mason and will be delivered to Plaintiff's counsel, Patricia S. Rose,, as soon as it is processed. Plaintiff's counsel agrees to distribute the settlement payment after she and Plaintiff have executed this Agreement.

    c.  The United States Postal Service agrees to convert Plaintiffs termination to a voluntary resignation effective June 9, 2003, and will modify her PS Form 50 to reflect that change.

    d.  Plaintiff agrees not to seek or accept employment with the United States Postal Service's Juneau Post Office.

    e.  The United States Postal Service will remove all references to Plaintiff's termination from her Official Personnel File.

    f.  Plaintiff promises to refer all reference inquiries to the Alaska District Human Resources Department in Anchorage, AK.

4. Nothing contained in this Settlement Agreement shall constitute an admission of liability or fault on the part of Defendant, the United States Postal Service, its agents, servants or employees, nor any admissions of liability or fault on the part of Plaintiff regarding any conduct or performance while an employee of Defendant, and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of litigation.

5. This Settlement Agreement may be pleaded as full and complete defense to, and may be used as the basis for, an injunction against any action, suit or other proceeding which may be instituted, prosecuted, or maintained in breach thereof. Nothing in this Agreement precludes

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-4

Plaintiff from providing truthful testimony regarding any aspect of her employment in any proceeding initiated by a third party.

6.   It is hereby expressly understood and agreed to that this Settlement Agreement has been freely and voluntarily entered into by the parties. The parties, and each of them, represent and acknowledge that, in executing this Release, none of them are relying on, nor have they relied on, any representations or statements made by any of the other parties, their agents, or attorneys, with regard to the subject matter, basis or effect of this agreement.

Executed this 26th day of January, 2007

Agreement as to Form only:

For Plaintiff:

*/s/ Patricia S. Rose*

PATRICIA S. ROSE
Attorney for Plaintiff

For Defendant:

NELSON P. COHEN
United States Attorney

*/s/ Lindquist 1-3-07*

By: SUSAN LINDQUIST
Assistant United States Attorney
Attorney for Defendant

Agreement as to Terms:

*/s/ Jennifer A. Mason*

JENNIFER A. MASON
Plaintiff

*/s/ Samuel Schmidt*

SAMUEL SCHMIDT
Attorney for Defendant

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-5

## ORDER

Based on the stipulated agreement reflected above, this Court orders the dismissal of the above-captioned matter with prejudice, each party to bear their own fees and costs.

Dated this _____ day of January 2007

_____
United States District Judge

Mason v. Potter; 1:05-cv-00019-RRB
Stipulated Settlement Agreement-6